Aurelio R. Bauzá, Plaintiff and Appellant, *v.* Pedro Colón-Medina, Defendant and Appellee.

No. 4308.  Argued April 13, 1928.—Decided June 20, 1928.

R. V. Perez Marchand for the appellant.  F. Parra Capó and F. Parra Toro for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

A judgment for the defendant was rendered on August 2, 1926, by the District Court of Ponce, imposing the costs, disbursements and attorney's fees on the plaintiff and the plaintiff appealed to this Supreme Court.  On the 9th of the following December the Supreme Court dismissed the appeal on motion of the appellee, communicating its decision on the 19th of that month.  On December 24, 1926, the defendant filed his memorandum of costs.  The adverse party alleged that the said memorandum was not according to law and should be dismissed "(a) because the judgment was rendered on August 2, 1926, and became final on September 2, 1926; (b) because although the plaintiff filed a notice of appeal from that judgment, he did not perfect his appeal and the defendant moved for its dismissal after more than sixty days had elapsed since the filing of the notice of appeal, and (c) because the judgment became final in any event on October 2 and section 339 of the Code of Civil Procedure requires that

the memorandum of costs be filed within ten days after final judgment and this memorandum was filed on December 24, 1926.'' The court set a day for hearing the parties and they agreed to submit the case on the merits of the memorandum and of the objection. Finally the court made a ruling which concludes as follows:

"Therefore the court overrules the plaintiff's objection to the memorandum of costs and approves the said memorandum of costs, disbursements and attorney's fees because it considers that the items stated therein are exact, that the disbursements were necessary and that the attorney's fees are not excessive. These costs, disbursements and attorney's fees should be paid by the plaintiff to the defendant amounting to seven hundred and seven dollars and seventy-five cents."

The appellant assigns three errors:

It is contended in the first that the court erred in holding that the memorandum was presented in time.

It has no basis whatever. It is true that the memorandum was not presented as required by section 339 of the Code of Civil Procedure as amended in 1917, i. e., within the ten days following the expiration of the time allowed for appealing; but it is true also that an appeal having been taken from the judgment, it was filed within the ten days following official notification of the decision of the Supreme Court, as required by the same statute.

The fact that the appeal was dismissed on motion of the appellee for having been abandoned by the appellant can not benefit the latter and prejudice the former.

When the appeal is taken and perfected all proceedings in relation to the judgment are suspended except those specified by the statute. Sections 296, 297 and 298 of the Code of Civil Procedure. The jurisdiction passed to the Supreme Court and the dismissal ordered without prejudice to another appeal produced the effect that the judgment appealed from should become final. Section 304 of the Code of Civil Procedure.

The second assignment is that the court committed error in holding that the seven hundred dollars claimed as attorney's fees in an action involving the recovery of only $1,250 was not excessive.

The appellee cites the jurisprudence of this court in *García* v. *Rodríguez,* 27 P.R.R. 284; *Nadal* v. *Miranda,* 27 P.R.R. 300; *Cortijo* v. *Rosario,* 33 P.R.R. 415; *Silva* v. *Carbonell,* 35 P.R.R. 224, and *Calderón* v. *Reyes,* 31 P.R.R. 260, and alleges that a party can not go to trial in a case on one theory and win his appeal by virtue of another and therefore as the appellant had not objected to the fees as excessive in the district court, he can not do so now in the Supreme Court.

Really the plaintiff moved only that the court reject the memorandum because it had been presented out of time; but the fact is that the court, which had power to do so without the question's being raised, examined and decided the question *motu proprio*. Such being the case and as this is not an action that can be tried by choosing one of the many theories that may suggest themselves, thus obliging the defendant to defend himself within it without giving him an opportunity to present the defenses which he might have adduced if another theory had been followed, we believe that the jurisprudence invoked is not totally applicable.

Now, has the appellant placed us in the same position as that of the district court? The record contains only the complaint, the answer and the judgment. The complaint set up a more complicated case than is said by the appellant. The action is not only for the performance of a contract involving the sum of $1,250, but also for damages amounting to $600. According to the judgment, the case was tried on the 10th and 21st of May, 1926, in which both parties, represented by Pérez Marchand and Parra Capó, introduced parole and documentary evidence. Perhaps the amount claimed and allowed may be excessive, but we are not in a position to determine this point with the elements before us.

It is alleged in the third assignment that the court should have reserved to the plaintiff his right to attack the memorandum of costs by reason of the amount. We do not agree. The law grants an opportunity to the defeated party and advantage should be taken of that opportunity in order to raise all of those defenses.

The judgment appealed from must be affirmed.